IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CYNTHIA SHORE, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAFE-GUARD PRODUCTS INTERNATIONAL, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. NATURE OF THE CLAIMS

PLAINTIFF CYNTHIA SHORE ("PLAINTIFF") asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for unpaid overtime compensation on the grounds set forth below.

### II. JURISDICTION AND VENUE

1. This Court has original subject-matter jurisdiction pursuant to pursuant 28 U.S.C. §§ 1331 because this action arises under the laws of the United States, and pursuant to 29 U.S.C. § 216(b) because this action seeks legal and equitable relief to remedy violations of the FLSA.

2. Under 28 U.S.C § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### III. PARTIES

3. Throughout the relevant period of this lawsuit, PLAINTIFF was employed by DEFENDANT SAFE-GUARD PRODUCTS INTERNATIONAL, LLC ("DEFENDANT") and worked in DEFENDANT'S Atlanta, Georgia location.

4. DEFENDANT is a corporation doing business within this judicial district and is subject to the jurisdiction of this Court.

5. Throughout the relevant period of this lawsuit, DEFENDANT, who maintained its headquarters in Georgia, provided insurance to individuals throughout the United States.

6. Throughout the relevant period of this lawsuit, DEFENDANT had employees who engaged in communication between Georgia and places outside of Georgia.

7. Throughout the relevant period of this lawsuit, DEFENDANT employed PLAINTIFF as an employee, controlled the job duties of PLAINTIFF, and had the power to hire, fire, and modify the employment conditions of PLAINTIFF, and therefore DEFENDANT was an employer

within the meaning of the FLSA, 29 U.S.C. § 203(d), and is not exempt under the Act.

8.  Throughout the relevant period of this lawsuit, DEFENDANT had employees engaged in commerce and DEFENDANT had annual gross volume of sales made that was more than $500,000.  Therefore, throughout the relevant period of this lawsuit, DEFENDANT was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

9.  Throughout the relevant period of this lawsuit, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA, and therefore PLAINTIFF is expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

## V. STATEMENT OF FACTS

10.  PLAINTIFF is a female.

11.  PLAINTIFF was employed by DEFENDANT during the period 2012 through 2015.

12.  At all relevant times, PLAINTIFF was employed by DEFENDANT as a claims specialist.

13.  Throughout her employment as a claims specialist, the primary duties of PLAINTIFF and other employees employed by DEFENDANT included using the telephone to speak with customers who resided in Georgia

and in states outside Georgia to discuss DEFENDANT's insurance policies and to what extend those policies applied to a loss suffered by the customer.

14. Throughout the relevant period of this lawsuit, PLAINTIFF performed the job duties of a non-exempt employee for purposes of the FLSA.

15. Throughout the relevant period of this lawsuit, PLAINTIFF was misclassified as an exempt employee for purposes of the FLSA.

16. Throughout the relevant period of this lawsuit, PLAINTIFF'S primary duties did not involve professional, administrative or managerial duties.

17. Throughout the relevant period of this lawsuit, PLAINTIFF'S primary job duties were very specific and provided no room for interpretation or variation through the exercise of discretion or independent judgment.

18. Throughout the relevant period of this lawsuit, PLAINTIFF'S primary job duties included:

    a. speaking to insurance dealers, insurance agents, and customers about insurance claims;

    b. obtaining, preparing, reviewing and organizing documents based on established policies, procedures, and processes relating to insurance claims;

    c. following established policies, procedures, and processes in handling insurance claims;

    d. calculating the amount of money that a customer was owed for an insurance claim based on the customer's insurance policy.

19. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to hire, fire, or reprimand employees.

20. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to delegate any of her duties to other employees.

21. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to supervise other employees.

22. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to evaluate other employees.

23. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to handle or resolve employee grievances or complaints.

24. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to direct the day-to-day affairs of her department.

25. Throughout the relevant period of this lawsuit, PLAINTIFF did not have the authority to interpret, establish, or enforce company policies,

procedures, and processes, but was simply required to follow DEFENDANT'S policies, procedures, and processes as presented to her.

26. Throughout the relevant period of this lawsuit, DEFENDANT had the right to reduce PLAINTIFF'S weekly compensation for any hours she missed from work during a workweek.

27. Throughout PLAINTIFF'S employment, she worked over forty (40) hours per week.

28. Throughout PLAINTIFF'S employment, DEFENDANT'S management were aware of the extra hours PLAINTIFF worked each week in excess of 40 hours: DEFENDANT and DEFENDANT'S managers reviewed time records and other documents confirming that PLAINTIFF worked in excess of 40 hours; DEFENDANT and DEFENDANT'S managers observed PLAINTIFF working each week in excess of 40 hours; and PLAINTIFF informed DEFENDANT and DEFENDANT'S managers that PLAINTIFF worked each week in excess of 40 hours.

29. During PLAINTIFF'S employment, her time records showed she worked over 40 hours in a workweek, but DEFENDANT chose not to pay PLAINTIFF for those hours worked over 40 in a workweek.

30. During PLAINTIFF'S employment, she performed overtime work off-the-clock, of which DEFENDANT'S managers were aware, but

DEFENDANT chose not to pay PLAINTIFF for those off-the-clock hours worked over 40 in a workweek.

31.     Throughout PLAINTIFF'S employment, DEFENDANT did not pay PLAINTIFF overtime compensation for all the work PLAINTIFF performed in excess of 40 hours in a workweek at the rate of one and one-half times PLAINTIFF'S regular hourly rate.

32.     On numerous occasions during PLAINTIFFS' employment, PLAINTIFF complained to DEFENDANT'S managers that she was not being paid proper overtime compensation for all the work she performed in excess of 40 hours in a workweek.  However, despite the complaints by PLAINTIFF to DEFENDANT'S managers about this improper practice, DEFENDANT refused to correct the improper practice, and the improper practice continued with respect to PLAINTIFF.

33.     During PLAINTIFF'S employment, DEFENDANT'S managers *admitted* to PLAINTIFF that she was eligible for overtime and should have been paid for all hours worked over 40 in a workweek at the appropriate overtime rate.

34.     During PLAINTIFF'S employment, DEENDANT'S managers asked PLAINTIFF if she would settle her overtime claim against DEFENDANT and for how much.

35. Throughout DEFENDANT'S employment of PLAINTIFF, there is no evidence that the conduct of DEFENDANT in failing to pay her proper overtime compensation was in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

36. Throughout DEFENDANT'S employment of PLAINTIFF, DEFENDANT knowingly, intentionally, and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation to which she was due and entitled.

## VI. CLAIM

### *29 U.S.C. § 207*
### (Overtime Compensation Due Under the FLSA)

37. PLAINTIFF re-alleges paragraphs 1-36, above and incorporate them by reference as if fully set forth herein.

38. By engaging in the above-described conduct, DEFENDANT violated the FLSA with respect to PLAINTIFF.

39. By engaging in the above-described conduct, DEFENDANT knowingly, intentionally and willfully violated the FLSA with respect to PLAINTIFF.

40. Throughout the relevant period of this lawsuit, there is no evidence that the conduct of DEFENDANT that gave rise to this action was

in good faith and based on reasonable grounds for believing that its conduct did not violate the FLSA.

41. As a direct and proximate result of the above-described conduct, PLAINTIFF has lost wages.

42. Said violations give rise to claims for relief under the FLSA for PLAINTIFF for past due overtime compensation for three years prior to the filing of this Complaint, prejudgment and postjudgment interest, liquidated damages in an amount equal to the past due overtime compensation, declaratory relief and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 201 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court enter judgment in favor of PLAINTIFF and against DEFENDANT SAFE-GUARD PRODUCTS INTERNATIONAL, LLC for:

1. Lost earnings, wages, salary, employment benefits, and all other compensation to which PLAINTIFF is entitled ("lost compensation");

2. Past due overtime compensation under the FLSA calculated at one and one-half times the proper normal rate that PLAINTIFF would have received but for unlawful conduct going back three (3) years from the date this Complaint was filed;

3. Liquidated damages as provided for under the FLSA;

4. Reasonable attorney's fees and costs and expenses of suit arising from DEFENDANT'S violations under the FLSA and as allowed by law through entry of judgment;

6. Reasonable attorney's fees and costs and expenses arising from: (i) time spent litigating both the entitlement to and amount of attorney's fees, costs, and expenses incurred throughout this action relating to Plaintiff's claims under the FLSA and as allowed by law through entry of judgment; and (ii) time spent litigating the fairness and reasonableness, pursuant to *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68 and as allowed by law through entry of judgment.

7. Prejudgment and postjudgment interest on all amounts awarded as allowed by law, including lost compensation, liquidated damages, and attorney's fees and costs and expenses of suit;

8. A declaration that DEFENDANT has engaged in unlawful employment practices in violation of the FLSA with respect to PLAINTIFF;

9. All other legal and/or equitable relief to which PLAINTIFF is entitled as a matter of law and/or equity; and

10. All such other and further relief as the Court may deem just and

proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on all issues triable of right by a jury.

*s/ Alan H. Garber*_____
Alan H. Garber
Georgia Bar No. 283840
Marc N. Garber
Georgia Bar No. 283847
**THE GARBER LAW FIRM, P.C.**
Suite 14, 4994 Lower Roswell Road
Marietta, GA  30068
ahgarber@garberlaw.net
mngarber@garberlaw.net
(678) 560-6685     (phone)
(678) 560-5067     (fax)

**COUNSEL FOR PLAINTIFF**
